**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 97-4846

BRYANT LEGREE,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Orangeburg.
Charles E. Simons, Jr., Senior District Judge.
(CA-93-92-5-2CES)

Submitted: August 25, 1998

Decided: October 6, 1998

Before WIDENER and HAMILTON, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Bryant Legree, Appellant Pro Se. Cameron Glenn Chandler, Assistant
United States Attorney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Bryant Legree appeals from the district court order denying his motion for reduction of sentence based on the retroactive application of Amendment 505 of the sentencing guidelines, which lowered the maximum base offense level dictated by the Drug Quantity table in U.S.S.G. § 2D1.1 from level 42 to level 38. (R. 163). See U.S.S.G. App. C, Amend. 505; U.S.S.G. § 2D1.1(c)(2) (1994). The amendment correspondingly reduced Legree's sentencing range from a mandatory term of life imprisonment to a range of 360 months to life imprisonment. The district court order from which Legree appeals stated in relevant part:

> This court concludes that Amendment 505 does not create a mandatory right to reduction of sentence for defendant. On consideration of the matter, this court concludes that defendant's sentence was correct and that no reduction is appropriate.

Given the district court's apparently favorable view to his receiving a shorter sentence than the guidelines allowed at his sentencing,* Legree asserts that the district court erred by failing to consider pertinent statutory factors in denying his motion for resentencing.

In criminal cases, a defendant has ten days within which to file in the district court a notice of appeal after entry either of the judgment or order appealed from, or of a notice of appeal by the Government. Fed. R. App. P. 4(b). The only exceptions to the ten-day appeal period are when the defendant makes a timely motion as specified in Rule 4(b), or the district court extends the time to appeal or reopens the appeal period for excusable neglect. The district court may extend the time for filing a notice of appeal for thirty days upon a showing of excusable neglect with or without a motion being filed. Legree filed his notice of appeal outside the ten-day appeal period prescribed in Fed. R. App. P. 4(b). However, because Legree filed his notice of

---

*The district court stated at sentencing: "Maybe they [the Fourth Circuit] can find some way to do something about this life sentence."

2

appeal within thirty days of the expiration of the appeal period, the district court had the discretion to extend the appeal period upon a showing of excusable neglect. <u>See United States v. Reyes</u>, 759 F.2d 351, 353 (4th Cir. 1985). On this record, it is unclear whether Legree has made an adequate showing of excusable neglect to render his notice of appeal timely. <u>See id.</u> Accordingly, we remand for the district court to determine whether Legree has shown excusable neglect. The record, as supplemented, will then be returned to this court for further consideration. We dispense with oral argument because the facts and legal contentions are adequately before the court and argument would not aid the decisional process.

<u>REMANDED</u>

3